IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ALLEN SMITH, JR., )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>ILLINOIS CENTRAL RAILROAD COMPANY, )<br>a corporation, )<br>)<br>Defendant. ) | CIVIL ACTION NO.<br><br>08-169-GPM |

## COMPLAINT

### I. PARTIES AND JURISDICTION

**1.**

The Plaintiff to this action is Hubbard Allen Smith, Jr. Mr. Smith is an individual resident citizen of Tiptonville, Tennessee.

**2.**

The Defendant to this action is Illinois Central Railroad Company. The Defendant is an Illinois corporation.

**3.**

This is a compensation case brought pursuant to the Federal Employers' Liability Act, 45 U.S.C. § 51, *et seq*.

**4.**

The Defendant is a common carrier by railroad engaged in the business of operating a railroad in interstate commerce for hire for the purpose of carrying freight.

1

**5.**

The Plaintiff was an employee of the Defendant and was acting within the line and scope of his employment for the Defendant at all times referred to herein. The Plaintiff's duties of employment for the Defendant were in furtherance of interstate commerce or directly or closely affected interstate commerce.

## II. FACTS

**6.**

The Plaintiff began working for the Defendant as a track laborer in the Maintenance of Way Department in July of 2005.

**7.**

In late 2005 through early 2006, the Plaintiff sustained injuries and aggravations to his shoulders while working for the Defendant as a track laborer on a rail anchor replacement project between Mound City and Dongola, Illinois. During these weeks, the Plaintiff's work assignment involved lifting and moving bags of anchors, clearing rock ballast from the crib with a pick, removing old anchors from the rail with a sledgehammer and applying new anchors to the rail with a sledgehammer. Performing these activities on a hurried basis without periodic breaks was exceedingly strenuous and caused the Plaintiff's shoulders to begin to hurt. The Plaintiff reported to his supervisor that the constant strain of these activities had caused his shoulder to hurt. The supervisor did not alter the Plaintiff's work activities and continued to order the Plaintiff to perform these strenuous tasks. The Plaintiff's shoulder pain grew worse as he struggled to perform the work assigned.

2

**8.**

In early 2006, the Defendant assigned the Plaintiff to perform quality control inspections and repairs by himself. Performing this job alone was very strenuous on his shoulders and aggravated his shoulder pain. The Plaintiff notified his supervisor that working this job alone was making his shoulder pain worse, but the Defendant did not alter the Plaintiff's work activities and delayed in getting the Plaintiff any help.

**9.**

On February 3, 2006, the Plaintiff underwent MRI exams for his shoulders which revealed rotator cuff damage, bone spurring and impingement syndrome. The doctor who ordered the MRI exams recommended that the Plaintiff undergo cortisone injections to address his ongoing shoulder pain. The Plaintiff notified his supervisors of these diagnostic examinations, the results and the doctor's recommendation for cortisone treatments.

**10.**

On October 4, 2006, the Plaintiff was working as a track laborer on a tie gang in Chicago, Illinois. The same supervisors who were aware of the Plaintiff's shoulder damage ordered him to load bags of anchors onto an anchor cart. The bags of anchors weighed 80 to 100 pounds and were awkward to handle. The anchor cart was positioned so that the Plaintiff had to lift the heavy bags above the level of his shoulders to get them onto the cart. Performing this task aggravated the Plaintiff's shoulder pain. The Plaintiff notified his supervisor that lifting these heavy bags so high was causing shoulder pain. The Defendant did not alter the Plaintiff's work assignment after learning that it was hurting him. The Plaintiff continued to perform this task until he felt sharp pain in his abdomen and rectum while lifting one of the heavy bags of anchors.

He reported this injury to his supervisor.

### 11.

In late 2006 through March of 2007, the Plaintiff worked for the Defendant in southern Illinois, primarily on the territory known as the St. Louis sub-division. The Plaintiff's work assignments during this time continued to include lifting and moving heavy bags of anchors as well as other heavy materials. Performing these heavy lifting tasks continually injured and aggravated his shoulder and abdomen. The Plaintiff reported to his supervisor that the heavy lifting activities were hurting him, but the Defendant did not alter the Plaintiff's work assignment.

### 12.

In March of 2007, the Defendant pulled the Plaintiff out of service and advised him that he was disqualified from working until he was declared physically qualified to resume working by a company doctor. The Plaintiff has undergone shoulder surgery but continues to have pain. He has not been approved to return to work as a track laborer.

### III. **FIRST CAUSE OF ACTION**

### 13.

All of the injuries, aggravations and damages to the Plaintiff resulted, in whole or in part, from the negligence of the Defendant railroad, its agents, servants or employees while acting within the line and scope of their employment for the Defendant railroad, or by reason of a defect or insufficiency due to the Defendant's negligence in its work practices, work assignments, material handling practices and safety practices at the times and places referred to herein.

4

## IV. SECOND CAUSE OF ACTION

**14.**

All of the injuries, aggravations, and damages to the Plaintiff resulted, in whole or in part, from the negligent failure of the Defendant to use reasonable care to provide to the Plaintiff a reasonably safe place to work.

## V. DAMAGES

**15.**

The Plaintiff avers that he has been caused to suffer the following injuries and damages as a result of the negligence of the Defendant:

    (a)    Permanent physical injuries;

    (b)    Past lost wages;

    (c)    Future lost wages and fringe benefits;

    (d)    Impairment of his earning capacity;

    (e)    Past and future medical expenses;

    (f)    Past and future physical pain and mental anguish.

**16.**

As damages, the Plaintiff claims of the Defendant an amount of money that will fully and adequately compensate him for all of the harms and losses that he has endured and will likely experience in the future as a result, in whole or in part, of the Defendant's negligence as assessed by a jury. In view of the serious nature of the Plaintiff's injuries and the magnitude of his economic losses, the Plaintiff expects such an award to exceed the sum of Two Million Dollars ($2,000,000.00).

## VI. JURY DEMAND

### 17.

The Plaintiff demands a trial by jury.

WHEREFORE, the Plaintiff prays for a trial by jury, that summons issue, that judgment be entered in favor of him and against the Defendant and that the following relief be granted:

(a) That the Plaintiff be awarded damages in an amount to fully and fairly compensate him for his occupational injuries;

(b) That the cost of this action be assessed against the Defendant.

(c) That this Court grant such other and further relief as it deems just and proper.

**BURGE & BURGE**

_/s/ F. Tucker Burge_
F. TUCKER BURGE
2001 PARK PLACE #850
BIRMINGHAM, AL 35203
(205)251-9000
(205)323-0512 (FACSIMILE)

**DEFENDANTS' ADDRESS:**

Illinois Central Railroad Company
Registered Agent for Service of Process:
C T Corporation System
208 South Lasalle Street, Suite 814
Chicago, IL 60604-1101